UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEREMY LEE JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:23-cv-01983-JPH-MJD |
| HENRY COUNTY SHERIFF'S DEPARTMENT, RICK MCCORKLE, TINA FOX, DEBRA ELLINGTON, WELLPATH, | ) |
| Defendants. | ) |

**ORDER SCREENING SECOND AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Jeremy Lee Johnson has filed a motion for leave to file a second amended complaint. Dkt. 50. The Court previously found that Plaintiff's original complaint, as amended, stated (1) individual capacity claims against Sheriff McCorkle, Jail Commander Fox, and Nurse Debra Ellington based on allegations that Plaintiff was denied constitutionally adequate medical care; (2) claims against the Henry County Sheriff's Department and Wellpath based on allegations that Plaintiff was denied constitutionally adequate medical care; and (3) Rehabilitation Act claims against the Henry County Sheriff's Department. Dkts. 12, 19. All other claims were dismissed. *Id.*

### I. Second Amended Complaint

When Wellpath answered Plaintiff's first amended complaint, it alleged that it was not the contracted healthcare provider at the Henry County Jail.

1

Dkt. 38. Counsel for the Sheriff's Department later clarified that, in fact, Advanced Correctional Health Care, Inc., ("ACHC") was the contracted healthcare provider at the time Plaintiff was there, and provided ACHC's contact information to Plaintiff and the Court. Dkt. 41. Through medical records, Plaintiff also learned the identity of Dr. John Heflin as a medical provider at the Henry County Jail.

Plaintiff's second amended complaint is largely identical to his original and first amended complaints, with these key differences: (1) he has named ACHC as a defendant instead of Wellpath and replaced Wellpath's name with ACHC's throughout; (2) he has added Dr. Heflin as a defendant; (3) he alleges that ACHC is a recipient of federal funding, an allegation that was not previously made against Wellpath; and (4) he omits the Henry County Council as a named defendant in the caption, though he still lists claims against it in the body of the complaint.

The Court **grants** Plaintiff leave to file a second amended complaint under Federal Rule of Civil Procedure 15(a)(2). The second amended complaint is now the operative complaint in this action.

As with the original and first amended complaints, because Plaintiff is incarcerated, the Court must screen the second amended complaint. 28 U.S.C. § 1915A. The changes reflected in the second amended complaint do not affect the substance of the Court's analysis of Plaintiff's claims, with three changes. First, all claims against Wellpath are now **dismissed**. All claims previously

identified as being allowed to proceed against Wellpath now **shall proceed** against ACHC. *See* dkt. 12, pp. 11-12.

Second, Plaintiff's claims against Dr. Heflin **shall proceed** on the basis that he also denied Plaintiff constitutionally adequate medical care during his time at the Henry County Jail. Plaintiff is unsure of the spelling of Dr. Heflin's last name. Dr. Heflin is a named defendant in other cases pending in this District. *See, e.g., Elwanger v. Finkelstein and Heflin, et al.*, No. 3:23-cv-00039-RLY-CSW. The Court will use this spelling of Dr. Heflin's name. If this is incorrect, it may be corrected later. Plaintiff's motion to direct Defendants to clarify Dr. Heflin's name, dkt. [51], is **denied without prejudice**.

Third, the claims that the Court previously identified as being dismissed, including those against the Henry County Council, remain **dismissed**, with one exception. As noted in the original screening order, Plaintiff had failed to allege that Wellpath received federal funding, so his claims against under the Americans with Disabilities Act and Rehabilitation Act could not proceed. Dkt. 12, p. 9-10. Plaintiff now alleges that ACHC is a recipient of federal funding. The elements of a Rehabilitation Act claim are that "(1) [a plaintiff] is a qualified person (2) with a disability and (3) the [defendant] denied him access to a program or activity because of his disability", and the defendant is a recipient of federal funding. *Jaros v. Ill. Dep't of Corrs.*, 684 F.3d 667, 672-72 (7th Cir. 2012). Construing Plaintiff's second amended complaint liberally, he has adequately alleged that ACHC violated the Rehabilitation Act, and this claim **shall proceed**. Recovery under the Americans with Disabilities Act and the Rehabilitation Act

3

are "coextensive," and a plaintiff "can have but one recovery." *Jaros*, 684 F.3d at 673. Because the Court allows Plaintiff's Rehabilitation Act claims to proceed, his ADA claims against ACHC are **dismissed**.

## II. Conclusion

Plaintiff's motion to direct Defendants to clarify Dr. Heflin's name, dkt. [51], is **denied without prejudice**.

Plaintiff's motion for leave to file a second amended complaint, dkt. [50], is **granted**. The **clerk is directed** to docket the attachment to that motion, dkt. [50-1], as the operative complaint in this action. The exhibits attached to the complaint, dkt. [50-2], need not be re-docketed or stricken.

The second amended complaint **shall proceed** on the claims identified in the original screening order, dkt. 12 pp. 11-12, except as clarified above. All other claims are **dismissed** for the reasons stated in the original screening order, *id.* at pp. 4-11, except as clarified above.

The **clerk is directed** to terminate Wellpath as a defendant on the docket, and to add Advanced Correctional Health Care, Inc., and Dr. John Heflin as defendants on the docket.

The defendants associated with the Henry County Sheriff's Department have already appeared and answered. Dkts. 16–17, 23. They shall answer or otherwise respond to the second amended complaint within the time provided by Federal Rule of Civil Procedure 15(a)(3).

The **clerk is directed** under Fed. R. Civ. P. 4(c)(3) to issue process to defendants Debra Ellington, Dr. John Heflin, and Advanced Correctional Health

4

Care, Inc. in the manner specified by Rule 4(d). Process shall consist of the second amended complaint, dkt. [50-1]; the original Screening Order, dkt. [12]; applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons); and this Order. Dr. Heflin is identified as an employee of ACHC. If he does not waive service, ACHC is **ORDERED** to provide his full name and last known home address if it has such information.[1]

**SO ORDERED.**

Date: 6/27/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JEREMY LEE JOHNSON
114749
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Advanced Correctional Health Care, Inc.
720 Cool Spring Blvd., Suite 100
Franklin, TN 37067

Nurse Debra Ellington
c/o Advanced Correctional Health Care, Inc.
720 Cool Spring Blvd., Suite 100
Franklin, TN 37067

---

[1] The Court previously was unable to serve process upon Ellington. It is clear now that this was because she is not or has not been a Wellpath employee. The Court obtained an address for Ellington, ex parte, for purposes of attempting to perfect service upon her. Dkt. 58. In light of Plaintiff's second amended complaint, however, the Court will now first attempt service upon Ellington through ACHC before attempting to serve her personally.

Dr. John Heflin
c/o Advanced Correctional Health Care, Inc.
720 Cool Spring Blvd., Suite 100
Franklin, TN 37067

Courtesy Copy to:
CT Corporation System
Registered Agent for Advanced Correctional Health Care, Inc.
334 North Senate Avenue
Indianapolis, IN 46204