UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEREMY LEE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-01983-JPH-MJD ) |
| HENRY COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING WITHOUT PREJUDICE MOTION
FOR ASSISTANCE WITH RECRUITING COUNSEL**

Plaintiff, Jeremy Lee Johnson, has filed a motion for assistance recruiting counsel. Dkt. 54. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff

1

made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 Plaintiff states he has attempted to contact two attorneys with requests for representation. The Court generally requires a pro se plaintiff to make at least three attempts at obtaining representation before considering a request to recruit counsel. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978.

Even so, the Court will also consider "both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760

2

(quoting *Pruitt,* 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan,* 987 F.3d at 682 (quoting *Pruitt,* 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Plaintiff states that he has a GED and suffers from depression, substance abuse, and opioid use disorder. He also asserts that he had assistance filing the original complaint in this matter, but the inmate who assisted him in doing so is no longer a fellow inmate. However, Plaintiff signed the complaint himself under penalty of perjury and thus represented to the Court that he understood its contents. The complaint is lengthy and complex and adequately stated a number of complex legal claims against the Defendants. Dkts. 2, 12. There is no indication Plaintiff has any difficulty with English. Moreover, Plaintiff has been effectively litigating this case since the filing of the original complaint, such as by compelling the Defendants to correctly identify the healthcare provider at the Henry County Jail during the time at issue and filing an amended complaint after that information was obtained. Dkts. 61, 62. This case is also still in a fairly early stage; not all Defendants have yet answered the amended complaint and discovery has not yet commenced.

For these reasons, Plaintiff's motion for assistance recruiting counsel is **denied without prejudice**. Dkt. [54]. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, including but not necessarily limited to a settlement conference or trial. Additionally, Plaintiff's motion for a status update regarding his motion for counsel, dkt. [65], is **GRANTED** to the extent this Order resolves that motion.

**SO ORDERED.**

Date: 8/1/2024

                              _James Patrick Hanlon_
                              James Patrick Hanlon
                              United States District Judge
                              Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JEREMY LEE JOHNSON
114749
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only