UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEREMY LEE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-01983-JPH-MJD ) |
| HENRY COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING LEAVE TO AMEND COMPLAINT
AND DENYING RECONSIDERATION OF REQUEST FOR COUNSEL**

Plaintiff Jeremy Johnson is pursuing various claims related to the alleged denial of adequate treatment of his opioid use disorder while a detainee at the Henry County Jail ("HCJ"). As detailed in the Court's orders screening Plaintiff Jeremy Johnson's original and second amended complaints, this case is proceeding with the following claims: (1) individual capacity claims against Sheriff McCorkle, Jail Commander Fox, Nurse Debra Ellington, and Dr. John Heflin based on allegations that Mr. Johnson was denied constitutionally adequate medical care; (2) *Monell* claims against the Henry County Sheriff's Department ("HCSD") and Advanced Correctional Healthcare ("ACH") based on allegations that Mr. Johnson was denied constitutionally adequate medical care; (3) Rehabilitation Act claims against the HCSD and ACH. Dkts. 12 at 11-12; 61 at 2-3.[1]

---

[1] Mr. Johnson also filed a first amended complaint, but when screening it the Court determined that it did not state any viable claims additional to those in the original complaint. Dkt. 19.

The Court set a deadline for submission of amended pleadings of January 8, 2025. Dkt. 83. On May 6, 2025, Mr. Johnson filed a motion for leave to file a third amended complaint. Dkt. 113. He also has filed a motion requesting that the Court reconsider its previous denial of his motion for counsel. Dkt. 109. For the reasons below, both motions are **DENIED**.

### I. Motion for Leave to Amend

Mr. Johnson's proposed third amended complaint seeks to add three defendants to this case: (1) ACH President and CEO Jessica Young; (2) USA Medical and Psychological Staffing ("USA"), a company that subcontracted with ACH to hire medical providers such as Nurse Ellington and Dr. Heflin on ACH's behalf; and (3) the CEO of USA, a "John or Jane Doe" whose identity is currently unknown. Dkt. 113-1 at 4-5. Mr. Johnson states that he wants to add these defendants to "cure" perceived deficiencies in his current *Monell* claims. Dkt. 113 at 2. ACH, Nurse Ellington, and Dr. Heflin ("Medical Defendants") have objected to Mr. Johnson's motion. Dkt. 119.

The motion for leave to amend was filed nearly four months after the Court's deadline for filing such motions. Therefore, Mr. Johnson must first show good cause for the belated filing under Federal Rule of Civil Procedure 16(b)(4) before the Court "consider[s] whether the requirements of Rule 15(a)(2) were satisfied." *Adams v. City of Indianapolis*, 742 F.3d 720, 733–34 (7th Cir. 2014). "The central consideration in assessing whether good cause exists is the diligence of the party seeking to amend." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852–53 (7th Cir. 2022). In his reply in support of this motion, Mr. Johnson asserts in

2

part that he did not learn that ACH was the contracting medical provider at the HCJ until "4/5/25." Dkt. 126 at 7. Mr. Johnson has misspoken here, as he actually learned of ACH's contract for the HCJ on April 5, **2024**. Dkt. 41 (Henry County Sheriff's Department filing explaining that the "medical provider at the Henry County Jail when you were there was Advanced Correctional Health Care, Inc."). Mr. Johnson contends that he did not learn of Ms. Young's identity or USA's existence until discovery opened in this case. Still, discovery on the merits of Mr. Johnson's claims has been open in this case since November 22, 2024. Dkt. 83. And as noted, he knew of ACH's identity for 13 months before the filing of the amended complaint, not one month, and could have learned of both USA's and Jessica Young's identities much sooner than alleged. This case was already well over one-and-a-half years old when he filed this motion, discovery has been ongoing for many months, and allowing an amended complaint at this late stage to add entirely new defendants essentially would require re-starting this case at the beginning with respect to those defendants.

The Court concludes that Mr. Johnson has not shown good cause for such a belated request to file a third amended complaint in this action, as required by Rule 16(b)(4). Given this ruling, the Court does not consider whether allowing the proposed amended complaint would be futile under Rule 15(a)(2).

Mr. Johnson's motion for leave to file a third amended complaint is **DENIED**. Dkt. [113].

3

## II. Motion for Reconsideration of Denial of Motion for Counsel

Mr. Johnson's motion for reconsideration of the Court's previous denial of his request for counsel asserts that he now needs the assistance of counsel to help with his multiple discovery disputes with the defendants, to assist him during a deposition requested by the defendants, and in anticipation of the defendants possibly acquiring an expert witness in support of their positions. Dkt. 109.

As noted when denying Mr. Johnson's original motion for counsel, litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear

4

competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

At the present time, unlike when Mr. Johnson filed his first motion, the Court finds that he has made sufficient effort to retain counsel on his own. He states that he has attempted to contact at least 20 law firms for assistance, without success.

As for the second part of the analysis, although discovery can of course be challenging, the Court finds that Mr. Johnson has been very effectively representing himself. There is no indication he has any difficulty reading or writing English. To the contrary, his multiple filings with the Court have always been very coherent and demonstrate the ability to understand legal process and procedures. Not all of his motions have been successful, but some have been. His latest third amended complaint, though not allowed to proceed, also demonstrates his ability to write effectively and litigate on his own. Also, depositions of pro se prisoner plaintiffs are standard practice, and the scheduling of one does not by itself entitle a plaintiff to the assistance of counsel. Otherwise, the Court's limited pool of attorneys willing and able to provide pro bono assistance would be quickly depleted. Finally, to the extent Mr. Johnson believes the defendants might procure an expert witness, there is no indication at this time that they have done so. The deadline for disclosing expert witnesses was

May 30. Dkt. 83 at 4. In none of Mr. Johnson's recent numerous filings, and the defendants' responses thereto, is there mention of any independent expert witnesses being disclosed.

The Court **DENIES without prejudice** Mr. Johnson's motion that it reconsider the previous denial of his request for counsel. Dkt. [109]. The Court may reconsider this denial if a settlement conference or trial is scheduled, or if any defendant discloses an expert witness.

### III. Conclusion

Mr. Johnson's motion for leave to file a third amended complaint is **DENIED**. Dkt. [113]. His motion to reconsider whether to recruit counsel for him also is **DENIED**. Dkt. [109].

**SO ORDERED.**

Date: 7/24/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

JEREMY LEE JOHNSON
114749
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only